IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 5:22-cr-6-TES-CHW-2 |
| | : | Civil No.: 5:24-cv-47-TES-CHW |
| TAMARA HALL, | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Defendant/Movant. | : | Before the U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the Court is Movant Tamara Hall's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Doc. 423). Because the motion provides no basis for the Court to rule upon and because Movant failed to amend her motion, it is **RECOMMENDED** that Petitioner's Section 2255 motion be **DENIED**.

### Factual and Procedural History

On February 8, 2022, a grand jury returned an indictment against Movant and ten co-defendants. (Doc. 1). Movant was charged in count 1 with conspiracy to possess with intent to distribute methamphetamine; in counts 2 through 5 with distribution of methamphetamine; and in count 6 with aiding and abetting the possession with intent to distribute methamphetamine. (*Id*.) Prior to trial, with the assistance of counsel and the benefit of a plea agreement, Movant entered a guilty plea to one count of conspiracy in a superseding information. (Docs. 144, 145, 147, 148). On May 25, 2023, the Court sentenced Movant to 210 months imprisonment to run consecutively to any term of imprisonment imposed in a state criminal case in the Superior Court of Crisp County. (Doc. 379). Movant timely filed this Section 2255 motion.[1] (Doc. 423). In the motion, Movant raises one claim of ineffective assistance of counsel and states only that her attorney

---

[1] Prior to filing her Section 2255 motion, Movant also filed a motion to reduce sentence pursuant to Amendment 821 (Doc. 417), which remains pending.

1

should be held accountable for his ineffectiveness without further explanation, factual support, or citations to the record. (*Id.*, p. 4, 12).

On February 12, 2024, upon initial review of Section 2255 motion (Doc. 423), the Court issued an order and notice for Movant to amend her motion to include every unalleged possible ground and for the Government to file its response. (Doc. 424). The order explained that Movant needed to list her grounds and support her claims with facts as prompted by the standard form. (*Id.*, p. 1). Movant did not amend her motion, but the Government responded as directed. (Doc. 429). Four days later, Movant's copy of the order to amend (Doc. 424) was returned as undeliverable. (Docs. 430, 431). After the Court inquired into Movant's whereabouts, the Court learned that Movant was being held in the Houston County Detention Center on an "unspecified warrant" and possibly as a witness in a separate, unrelated case. To afford Movant with notice and the opportunity to amend her Section 2255 motion, the Court ordered the Clerk of Court to resend the Court's February 12, 2024 Order (Doc. 424) to Movant. (Doc. 434). The Court also advised Movant of her responsibility to keep her address updated with the Court. (*Id.*) The resent order was not returned, and Movant did not amend her Section 2255 petition. *See generally Docket.* It appears that Movant is no longer in the Houston County Detention Center.[2] Movant has filed nothing with Court since filing her Section 2255 motion in February 2024.

Ineffective Assistance of Counsel Legal Standard

Movant's claims of ineffective assistance of counsel are adjudged under the standard set by *Strickland v. Washington*, 466 U.S. 668 (1984). To show ineffectiveness, a Section 2255 movant must ordinarily demonstrate both deficient performance, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed … by the Sixth

---

[2] https://houston-so-ga.zuercherportal.com/#/inmates (last visited Sept. 6, 2024).

Amendment," and prejudice, meaning that "counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. "[To] show that counsel's conduct was unreasonable, [Movant] must establish that no competent counsel would have taken the action that his counsel did take. This is a 'difficult burden.'" *Perkins v. United States*, 73 F.4th 866, 879 (11th Cir. 2023) (internal citations omitted). To establish that he was prejudiced, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* 466 U.S. at 694.

Analysis

As noted above, the Section 2255 motion presents only one conclusory claim of ineffective assistance of counsel. The section of the standard 2255 form that prompts the movant to list facts to support her claim is left blank. (Doc. 423, p. 4). Movant merely states that she wants her attorney to be held accountable for his ineffectiveness without explaining what he did, what he failed to do, what prejudice Movant suffered by his actions, or how the outcome of her case may have been different. There is no way for the Court to evaluate her ineffective assistance claim based on the bare allegation presented in the petition, and Movant has not accepted the opportunity to amend her petition. Such conclusory allegations are not sufficient to demonstrate ineffective assistance of counsel. *See, e.g., Wilson v. U.S.*, 962 F.2d 996, 998 (11th Cir. 1992); *see also Pio v. U.S.*, 2014 WL 4384314, *3 (11th Cir. Sept. 3, 2014) (collecting cases).

For these reasons, it is **RECOMMENDED** that Movant's Section 2255 motion be **DENIED**. Because Movant has not made a substantial showing of the denial of a constitutional right, it is further **RECOMMENDED** that the Court deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Upon review of the record as required by Rule 8 of the Rules Governing Section 2255 Proceedings, no hearing is necessary in Movant's case because her claim is conclusory and unsupported by specifics. *See, e.g.*, *United States v. Butler*, 2020 WL 4288644 (N.D. Fla. May 5, 2020) (citing *Winthrop-Redfin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) and *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004)).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED**, this 17th day of September, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge